Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8174 | **DATE** | October 25, 2012 |
| **CASE TITLE** | Tracy Anthony Ellis, Jr. (#B-59745) vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $8.31 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to: (1) send a copy of this order to the trust fund officer at the Stateville Correctional Center; (2) issue summonses for service on the defendants by the U.S. Marshal; and (3) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ **[For further details see text below.]**     **Docketing to mail notices.**

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Stateville Correctional Center, violated the plaintiff's constitutional rights by subjecting him to cruel and unusual conditions of confinement. More specifically, the plaintiff alleges that he was forced to spend over three months sleeping on a bed frame that was covered only by a blanket instead of a regular mattress, resulting in back, joint, and neck issues.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $8.31. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

**(CONTINUED)**

mjm

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action against the defendants.

The plaintiff alleges that he went without a mattress from about August 5, 2011, until November 15, 2011. Although he was given a blanket to use to cover the steel bedframe, the plaintiff alleges that his grievances and requests for an actual mattress were ignored. The plaintiff further maintains that, in addition to considerable discomfort, he suffered pain and swelling of his joints, back problems, and neck complaints, conditions for which he is still receiving treatment to this day.

An Eighth Amendment claim has two components: objective and subjective. *See, e.g., Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). To satisfy the objective component, the deprivation alleged must be, objectively, "sufficiently serious." *Id.* (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999)) (in turn citing *Farmer v. Brennan*, 511 U.S. 825, 834). Therefore, "extreme deprivations" are required to make out a conditions-of-confinement claim. *Delaney*, 256 F.3d at 683 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

In many cases, the courts have found that short-term durations without a mattress did not rise to the level of a constitutional violation. *See, e.g., In Stephens v. Cottey*, 145 Fed. Appx. 179, 180–81 (7th Cir. 2005) (unpublished) (no constitutional violation where a prisoner spent three days in jail with no mattress, sleeping directly on the metal bedframe, and five days with no bedframe, sleeping on a mattress on the floor); *Johnson v. Pelker*, 891 F.2d 136, 138-39 (7th Cir. 1989) (sleeping for three days on a bedframe without a mattress was not "extreme"); *Rodgers v. Thomas*, 879 F.2d 380, 383-84 (8th Cir. 1989) (sleeping for five days on a mattress without a bedframe did not amount to cruel and unusual punishment); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (the plaintiff had no cause of action arising from having to temporarily sleep on a mattress on the floor or on a table due to overcrowding).

But in the case at bar, the plaintiff alleges a long-term hardship and lingering ill effects; moreover, he contends that the defendants were aware of his plight but refused to take action. Conditions of confinement that may not violate the Constitution in the short term may ripen into constitutional violations in the long term. *See, e.g., Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). While a more fully developed record may establish that the plaintiff suffered no deprivation of constitutional magnitude, the defendants must respond to the complaint.

The clerk shall issue summonses forthwith. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's **(CONTINUED)**

| **STATEMENT (continued)** |
|---|

last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.